**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-MJ-686** |
| | ) | |
| **LUCAS DENNEY** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT LUCAS DENNEY'S MOTION FOR RELEASE OF CUSTODY FOR**
<u>**FAILURE TO COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 5.1(c)**</u>

John M. Pierce
21550 Oxnard Street
3d Floor, PMB#172
Woodland Hills, CA 91367
Tel: (213) 279-7846
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

Defendant Lucas Denny's constitutional right to liberty is being denied without due process of law, in violation of the Fifth Amendment to the Constitution.

Lucas Denney has just spent his 80th night in a jail cell, in the care, custody, and control of the United States Marshall by order of a federal magistrate in the Western District of Texas.

Mr. Denny has had two court appearances – his "initial appearance" before the Texas federal magistrate on December 14, 2021, and a removal and detention hearing before the same magistrate on December 17, 2021.

He has not been inside a federal courtroom – in person or remotely – in 76 days.

He has not been indicted by any grand jury, nor has he had a preliminary hearing after which a judge found probable cause that he had committed a crime.

Yet he sits today in a jail cell in Northern Virginia, and the United States Department of Justice says March 10 is soon enough.

In response to this Court's Order giving the Government 4.5 hours to file a response to Mr. Denney's motion for immediate release, the prosecution has filed a legally illiterate response that says a Magistrate's comment in a "Detention and Removal Order" suggesting a finding of "probable cause" satisfies any obligation there may have been to conduct a preliminary hearing in that court.

Alternatively, the prosecution states that because Mr. Denney has not yet had an "initial appearance" in this Court – now scheduled for March 10 – the 14 day period within which a preliminary hearing must take place has not yet begun to run.

The procedural issues involved here is not complicated and is clearly spelled out in the Rules of Criminal Procedure had anyone at DOJ taken the time to read them.

1

Rule 5 of the Federal Rules of Criminal Procedure is titled "Initial Appearance."  It covers circumstances such as those here -- where a defendant is arrested in a district other than where the offense was committed.

Rule 5(c)(3) states:

> *Procedures in a District Other Than Where the Offense Was Allegedly Committed*. If the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply:
>
> (A) the magistrate judge <u>must</u> inform the defendant about the provisions of Rule 20;
>
> (B) if the defendant was arrested without a warrant, the district court where the offense was allegedly committed <u>must</u> first issue a warrant before the magistrate judge transfers the defendant to that district;
>
> (C) the magistrate judge <u>must</u> conduct a preliminary hearing if required by Rule 5.1;
>
> (D) the magistrate judge <u>must</u> transfer the defendant to the district where the offense was allegedly committed if:
>
>> (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and
>>
>> (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant; <u>and</u>
>
> (E) when a defendant is transferred and discharged, the clerk <u>must</u> promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.

Five events <u>must</u> take place in the jurisdiction where the defendant was arrested:  1) A rule 20 advisement; 2) a warrant is received from the court with original jurisdiction; 3) a preliminary hearing; 4) a transfer to the district where the offense was committed when certain conditions are met; 5) transmission of the papers and bail to the district where the offense was committed.

These five procedural matters are listed in the conjunctive – all must take place in the district of arrest.

It is a basic rule of federal criminal procedure that the United States Government is not allowed move an arrested and detained individual from one place in the country to another unless there has been an indictment returned in the district where the crime was allegedly committed, or a preliminary hearing takes place in the district of arrest and a neutral magistrate makes a finding of probable cause after notice and a hearing.  The time limit within which the government has to accomplish either of those two prerequisites is different depending on whether the defendant is detained or out of custody.

As noted in Rule 5(c)(3)(C), a preliminary hearing must be held in the district of arrest when required by Rule 5.1.   That rule states:

> (a) In General. If a defendant is charged with an offense other than a petty offense, a magistrate judge <u>must</u> conduct a preliminary hearing unless:
> (1) the defendant waives the hearing;
> (2) the defendant is indicted;
> (3) the government files an information under Rule 7(b) charging the defendant with a felony;
> (4) the government files an information charging the defendant with a misdemeanor; or
> (5) the defendant is charged with a misdemeanor and consents to trial before a magistrate judge.

Mr. Denney has not waived his right to a preliminary hearing; Mr. Denney has not been indicted; the government has not filed an information under Rule 7(b); the government has not filed an information charging Mr. Denny with only misdemeanors; and Mr. Denney has not consented to a trial before a magistrate judge.

The Government's response is not worth the time needed to read it.

3

If the Texas Magistrate had conducted a Rule 5.1 Preliminary Hearing, it would be reflected in the docket of the case in that Court.  There is not such entry.

The Magistrate Judge's own words reflect an acknowledgement that a Preliminary Hearing was to take place as required by Rule 5.1.

Rule 5.1(c): "Scheduling. The magistrate judge <u>must</u> hold the preliminary hearing within a reasonable time, but <u>no later than 14 days after the initial appearance if the defendant is in custody</u> and no later than 21 days if not in custody.

As noted by Rule 5 – an "Initial Appearance" is an "Appearance Upon an Arrest."   Mr. Denney's Initial Appearance, as noted in the docket in the Western District of Texas, was on December 14.  The fourteen-day period within which to -hold a Preliminary Hearing was December 28.  The Western District of Texas docket does not reflect any hearing conducted in the Western District of Texas that was recorded as a "Preliminary Hearing."

Finally -- shockingly – the United States Department of Justice contends that the "Initial Appearance" in this District, now set for March 10, 2022, is another "Initial Appearance" under Rule 5 which works to start a new 14-day period under Rule 5.1 for conducting a preliminary hearing or filing an indictment.

There are two problems with this claim – 1) the scheduled "initial appearance" in this District is not an "appearance upon an arrest" as provided in Rule 5, and 2) the "initial appearance" in this district -- as described by the Government – has not complied with the requirement of Rule 5 that the person be taken "without unnecessary delay before a magistrate judge…"  According to the Government, Mr. Denney arrived in the District of Columbia on January 31, 2022.  It will be 38 days before his "Initial Appearance" under the interpretation of the Federal Rules offered by the Government.

The deprivation of Mr. Denny's right to liberty must end as he has not been provided with his constitutional right to due process.

Mr. Denny must be released immediately.

Date: March 4, 2022

Respectfully Submitted,

*John M. Pierce*

*John M. Pierce*
*21550 Oxnard Street*
*3d Floor, PMB#172*
*Woodland Hills, CA 91367*
*Tel: (213) 279-7846*
*Email: jpierce@johnpiercelaw.com*

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, March 4, 2022, I caused a copy of the

foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*
*John M. Pierce*